IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald Saivon Nance, | ) | C/A No. 0:20-2675-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| Kirkland R and E Center South Carolina | ) | |
| Department of Correction, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Reginald Saivon Nance, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.      Factual and Procedural Background**

Plaintiff is an inmate in the Kirkland Correctional Institution of the South Carolina Department of Corrections.  He claims that on or around April 27, 2020 he noticed that he had symptoms associated with COVID-19.  Plaintiff indicates that he informed his dorm officers about his symptoms, but the officers initially did nothing in response.  Plaintiff claims that on May 4, he was quarantined and tested positive for COVID-19.  He indicates he was locked in his cell for two weeks and not allowed to have showers or a change of clothes.  Plaintiff claims he was provided no medical attention despite having a fever, "burning" in his nose, and a lost sense of taste and smell.  (Compl., ECF No. 1 at 7.)  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging he was denied medical care and seeking damages.  (Id. at 9.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.  See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016).  Nonetheless, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B.      Analysis

In his Complaint, Plaintiff does not expressly state a recognizable legal cause of action, but in accordance with the court's duty to liberally construe *pro se* complaints, the court construes it as asserting a cause of action pursuant to 42 U.S.C. § 1983 for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

However, the only defendant named by Plaintiff—"Kirkland R and E Center South Carolina Department of Correction"—is not a "person" amenable to suit under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67-68, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983, and finding Congress did not intend to override the State's sovereign immunity by enacting the statute); see also Hafer v. Melo, 502 U.S. 21, 25-31 (1991); Constantine v. Rectors & Visitors of George Mason Univ., 411

F.3d 474, 482-83 (4th Cir. 2005). Therefore, the only named defendant[1] in this case cannot be sued for damages under § 1983, and the Complaint fails to state a claim upon which relief can be granted.

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[2] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A.

**IT IS SO ORDERED**.

August 19, 2020
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[1] In the body of the Complaint, Plaintiff indicates "dorm officers" failed to respond to his requests for medical care, and he lists "prisoner workers" as the job title of the defendant, but Plaintiff does not provide the individual names of any officers in the caption or body of the Complaint.

[2] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

## WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).