# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Reginald Saivon Nance, ) | |
| ) | Civil Action No.: 0:20-cv-02675-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Kirkland R and E Center South Carolina ) | |
| Department of Corrections, Officer Gilford, ) | |
| *correctional officer in his individual* ) | |
| *capacity and official capacity*, Brain ) | |
| Sterling, *Director of SCDC in his* ) | |
| *individual capacity and official capacity*, ) | |
| Terrie Wallace, *Warden of Kirkland* ) | |
| *R and E Center in his individual capacity* ) | |
| *and official capacity*, and Courtney Dixon, ) | |
| *a nurse in her individual capacity and* ) | |
| *official capacity*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Reginald Saivon Nance, an inmate who is proceeding *pro se*,[1] brought this action against the above-captioned Defendants alleging they initially took no action after he began exhibiting symptoms of COVID-19, and subsequently placed him in quarantine without sufficient medical attention. (*See* ECF No. 1.) This matter is before the court upon review of the Report and Recommendation issued by the Magistrate Judge in October 2020 ("Report"). (ECF No. 17.) The Report recommended that the court summarily dismiss this case for failing to state a claim upon

---

[1] Thus, "[b]ecause he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

which relief could be granted, even after Plaintiff had the opportunity to cure deficiencies within the Complaint. (*Id.* at 4-6.) No party has objected to the Report. For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 17) and **DISMISSES** the instant case.

Plaintiff is currently incarcerated at the Kirkland Correctional Institution of the South Carolina Department of Corrections. (*Id.* at 1.) He alleges on April 27, 2020, "he noticed that he had symptoms associated with COVID-19." (*Id.*) Despite informing prison officials, Plaintiff claims no action was taken until May 4, 2020, when "he tested positive for COVID-19 and was quarantined." (*Id.* at 1-2.) Once quarantined, Plaintiff states he was unable to shower or change clothes for two weeks, and "was provided no medical attention despite having a fever, 'burning' in his nose, and a lost sense of taste and smell." (*Id.* at 2 (citing ECF No. 1 at 7).) Subsequently, Plaintiff brought the instant action. (*See* ECF No. 1.)

The Magistrate Judge entered the Report in October 2020, suggesting this case "be summarily dismissed because for failure to state a claim upon which relief can be granted." (ECF No. 17 at 4.) The Magistrate Judge began by liberally construing the *pro se* Amended Complaint "as asserting a cause of action pursuant to 42 U.S.C. § 1983 for deliberate indifference to serious medical needs and conditions of confinement in violation of the Eighth Amendment." (ECF No. 17 at 3-4.) To state a claim under § 1983, the Magistrate Judge explained, Plaintiff "must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." (*Id.* at 4 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).) Likewise, the Magistrate Judge asserted that an Eighth Amendment claim requires Plaintiff to show "(1) objectively, the deprivation suffered or injury inflicted was 'sufficiently serious,' and (2) subjectively, the prison officials acted with a

2

'sufficiently culpable state of mind.'" (ECF No. 17 at 4 (first citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); and then citing *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)).) The Magistrate Judge noted the Eighth Amendment claim requires a showing of "deliberate indifference," such that "[a] prison official . . . has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk." (ECF No. 17 at 4 (citations omitted).)

Applying these standards, the Magistrate Judge determined Plaintiff failed "to plausibly show that . . . [D]efendants disregarded a substantial risk to Plaintiff's health. To the contrary, Plaintiff's own allegations show that . . . [D]efendants responded to his concerns that he contracted COVID-19." (*Id.* at 5.) Further, the Magistrate Judge pointed out that "other than his fever and losing his sense of taste and smell," Plaintiff failed to allege he suffered from "any other symptoms that required medical care, or that . . . [D]efendants injured him by failing to provide medical care." (*Id.*) The Magistrate Judge likewise disposed of the conditions of confinement claim by noting Plaintiff did not "provide any facts that plausibly show . . . [D]efendants were personally involved in creating the conditions of confinement of which Plaintiff complains." (*Id.* (citations omitted).) Lastly, the Magistrate Judge recommended this matter be deemed a "strike" for purposes of the Prison Litigation Reform Act's ("PLRA") three strikes rule."[2] (*Id.* at 6 n.1.)

---

[2] As the Magistrate Judge outlined, the three strikes rule states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). (*See* ECF No. 17 at 6 n.1.)

3

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Here, neither party has objected to the Report and the court discerns no clear error on the face of the record. The court has carefully examined the findings within the Report and concludes this case shall be dismissed for the reasons delineated within the Report. Thus, the court **ACCEPTS** the Report and adopts the findings herein (ECF No. 17) and **DISMISSES** this case. This matter shall count as one "strike" under the PLRA.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

May 17, 2021
Columbia, South Carolina